UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBERT W. ALLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-cv-3224 |
| | ) | |
| LATOYA HUGHES, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding pro se and presently incarcerated at Murphysboro Life

Skills Re-Entry Center, alleges Defendants violated his Eighth Amendment rights

through deliberate indifference to his serious medical needs while he was incarcerated

at Graham Correctional Center. The Court initially dismissed the complaint for failure

to adequately plead a federal claim. Plaintiff filed a timely amended complaint.

A.  Motion to Request Counsel

Plaintiff's Motion to Request Counsel (Doc. 13) is before the Court.

The Court undertakes a two-part inquiry: (1) whether the plaintiff made a

reasonable attempt to obtain counsel or has been effectively precluded from doing so,

and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to

litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

The second step can be hard to assess. The Court must consider the factual and

legal difficulty of a plaintiff's claims, and the plaintiff's competence to litigate them,

while accounting for the plaintiff's literacy, communication skills, educational level, and

litigation experience, plus the plaintiff's intellectual capacity and psychological history

(if information on those topics is before the court). *Watts v. Kidman*, 42 F.4th 755, 760

(7th Cir. 2022).

Plaintiff has now shown a reasonable, though unsuccessful, attempt to secure

counsel on his own behalf. The Court thus considers Plaintiff's ability to represent

himself.

The factual difficulty of Plaintiff's medical care-related claims is mixed. Plaintiff

is aware of some facts personally, and others are solely within the knowledge of his

healthcare providers. Much of the evidence is contained in his medical records.

The legal difficulty of Plaintiff's claim is certainly challenging. Proving deliberate

indifference to a serious medical need requires proving the mental state of the

defendants, and that is a high bar to meet. However, nearly all plaintiffs filing lawsuits

like Plaintiff's ask for a volunteer lawyer. There is no right to a lawyer in a civil action,

and the demand greatly exceeds the number of lawyers willing to take on such cases.

While a lawyer would certainly help Plaintiff, his claim is not so atypically difficult that

this factor weighs heavily toward granting Plaintiff's motion.

Plaintiff is a high school graduate and his pleadings are clearly written. He does

not indicate any difficulty with the English language. He does not identify any

psychological or intellectual capacity impairments. It also does not appear that he has

any litigation experience.

The Court finds Plaintiff is able to represent himself. His pleadings are of decent

quality and although he certainly faces difficulty in prosecuting this lawsuit, federal

litigation is inherently difficult and that reality is not unique to Plaintiff. The motion is
denied.

    B.  <u>Merit Review</u>

The Court must "screen" Plaintiff's amended complaint, and through such
process identify and dismiss any legally insufficient claim, or the entire action if
warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous,
malicious, or fails to state a claim upon which relief may be granted; or (2) seeks
monetary relief from a defendant who is immune from such relief." *Id.*

The court accepts the factual allegations as true, liberally construing them in the
plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory
statements and labels are insufficient—the facts alleged must "state a claim for relief
that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)
(citation omitted).

**Defendants.** Plaintiff's amended complaint names only Illinois Department of
Corrections Director Latoya Hughes and prison healthcare contractor Wexford Health
Sources, Inc. Plaintiff omits all the individual Defendants named in his original
complaint.

**Factual allegations.** On April 8, 2022, Plaintiff entered Graham Correctional
Center. Upon entry Plaintiff suffered from 1) Chronic Obstructive Pulmonary Disease
(COPD) and 2) skeletal fractures of his pelvis and hips sustained former in vehicle
accidents, for which he had received orthopedic surgery prior to imprisonment. While
incarcerated Plaintiff suffered a third injury, a broken finger. Plaintiff asserts he

received constitutionally inadequate medical care for each of these three medical conditions.

**Legal standard.** Deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A claim does not rise to the level of an Eighth Amendment issue, however, unless the inadequate medical care is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996); *see also Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th Cir. 2014) (healthcare providers may exercise their medical judgment when deciding whether to refer a prisoner to a specialist). The failure to refer constitutes deliberate indifference only if it was "blatantly inappropriate." *Id*. at 411-12.

Denying or delaying a referral in favor of "easier and less efficacious treatment" may be blatantly inappropriate if it does not reflect an exercise of sound professional judgment. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016), *as amended* (Aug. 25, 2016).

Although a prisoner may disagree with a doctor's choice of medication and would like a stronger medication, prison officials "have strong incentives to limit the

provision of controlled substances [such as opioid medication] to inmates for medical care; these drugs carry a high risk of being abused or distributed to others." *Knox v. Shearing*, 637 F. App'x 226, 228–29 (7th Cir. 2016); *see also Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) ("What we have here is not deliberate indifference to a serious medical need, but a deliberate decision by a doctor to treat a medical need in a particular manner.").

**The Court's prior order.** In the Court's initial Merit Review Order (Doc. 12), the Court found Plaintiff had failed to state a claim and dismissed the complaint with leave to replead. As to Plaintiff's claims related to his COPD and orthopedic pain, the Court wrote, in relevant part:

> It is Plaintiff's burden to explain when and what each Defendant personally did or failed to do in attending to Plaintiff's medical needs. Plaintiff has not explained his claim in sufficient detail to allow each Defendant to understand Plaintiff's allegations and respond to the claim being made against him. Consequently, Plaintiff has not pleaded a plausible claim against each individual Defendant and the claims against these Defendants are dismissed without prejudice.

Order (Doc. 12) at 5-6.

> As to issues with his finger, the Court wrote:

> Plaintiff's allegations regarding lack of treatment of his broken finger, resulting in permanent disfigurement, fail to state a claim. Plaintiff's allegations do not allow the Court to determine or reasonably infer a plausible claim. Plaintiff alleges that he was seen by Nurse Hildebrand two weeks after the injury, was informed three months later that an x-ray showed a break, then experienced an additional seven months' delay before being referred for a specialist visit. These allegations do not raise a plausible inference that Nurse Hildebrand was the person responsible for the delays Plaintiff experienced, and therefore do not state a claim [against] her.

Order (Doc. 12) at 7.

As to his allegations against Wexford, the Court wrote:

Plaintiff's allegations against Wexford Health Sources, Inc., are insufficient to state a claim. Wexford is potentially suable under a theory of municipal liability. *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that the standard for municipal liability in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as well). However, "for a *Monell* claim to survive … a plaintiff must plead facts that plausibly suggest": 1) deprivation of a constitutional right, 2) the deprivation can be traced to some municipal action (i.e., 'a policy or custom'), such that the challenged conduct is properly attributable to the municipality itself, 3) the policy or custom demonstrates municipal fault, *i.e.*, deliberate indifference, and 4) the municipal action was the moving force behind the federal-rights violation. *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 522 (7th Cir. 2023) (citation omitted). All requirements "must be scrupulously applied to avoid a claim for municipal liability backsliding into an impermissible claim for vicarious liability" under the respondent superior doctrine. *Bohanon v. City of Indianapolis*, 46 F.4th 669, 676 (7th Cir. 2022) (citation omitted).

Plaintiff has failed to meet the … pleading standard as to his claim against Wexford. There is no plausible inference from Plaintiff's allegations that a policy or practice of Wexford, rather than individual Defendants' actions, are to blame for the issues Plaintiff experienced with his medical care.

Order (Doc. 12) at 7-8.

And as to IDOC administrators including Hughes, the Court wrote:

Plaintiff fails to provide sufficient allegations showing Latoya Hughes, Rob Jeffreys, or both, were personally involved in the alleged deprivations. Plaintiff's claims against these Defendants are dismissed. *See Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017) ("[I]n order to hold an individual defendant liable under § 1983 for a violation of an inmate's constitutional rights, the inmate must show that the defendant was personally responsible for that violation.").

Order (12) at 8.

Plaintiff's Amended Complaint, instead of providing the Court with additional

information about his allegations, and how the individual Defendants were allegedly

involved, omits much information. He now omits the names of all the individual

Defendants included in his original complaint. Instead of providing allegations about who he believes carried out which allegedly wrongful actions he now simply states "Wexford and its staff" are to blame. As the Court explained in its Order (Doc. 12), Plaintiff must explain how each Defendant was involved and what they are alleged to have done to harm him. Plaintiff's Amended Complaint now only names Defendants Hughes and Wexford. As to these Defendants, Plaintiff fails to state a claim for the same reasons provided in the Court's Order (12). Plaintiff has not sued any other Defendants in his Amended Complaint.

Plaintiff will be allowed a final opportunity to amend, should he wish to do so. He must name each person or entity that he wants to sue, and he must allege what each defendant did or did not do that he believes was a violation of his constitutional rights.

**IT IS THEREFORE ORDERED:**

1.  Plaintiff's Motion to Request Counsel [13] is DENIED.

2.  Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has failed to state a claim for relief. Plaintiff will be given one final opportunity to file another amended complaint, within 28 days of entry of this Order, if he believes he can state a claim consistent with the legal standards described in this Order. Failure to amend in the given time will result in dismissal of this action with prejudice for failure to prosecute. If Plaintiff's amended allegations still fail to state a claim this action may be dismissed with prejudice or without prejudice. Further opportunities to replead are unlikely. Plaintiff must carefully follow the guidance in this order and in Order [12].

Entered this 11th day of July, 2024.

_s/Joe Billy McDade_
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE